UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BUSINESS INTEGRATION          )
TECHNOLOGY, INC.,             )
                             )
          Plaintiff,          )
                             )
     v.                       )   Case No. 4:10CV2185 FRB
                             )
MULESOFT, INC., et al.,       )
                             )
          Defendants.         )

### MEMORANDUM AND ORDER

Presently before the Court is Plaintiff's Motion For
Leave to Amend Pleadings (Docket No. 26).  All matters are pending
before the undersigned United States Magistrate Judge, with consent
of the parties, pursuant to 28 U.S.C. § 636(c).

In its original ten-count Complaint, plaintiff Business
Integration Technology, Inc. (also "Plaintiff" or "BIT") alleged
claims of intentional interference with a contractual relationship,
fraud, conspiracy, intentional interference with business
expectancy, breach of contract, and claims of punitive damages
against Defendants Mulesoft, Inc. and Philip Bradley (collectively
"Defendants"), stemming from Defendants' alleged interference with
a business relationship between Plaintiff and one of its clients.
(Docket No. 1).

Defendants subsequently filed a Motion To Dismiss
Plaintiff's Complaint.  (Docket No. 11).  As grounds therefor,
Defendants alleged that Plaintiff failed to state a claim upon

-1-

which relief may be granted; that this Court lacks personal jurisdiction over defendant Bradley; that the amount in controversy is below the $75,000.00 threshold; and that venue is improper in this Court due to a forum selection clause. Defendants alternately asked that this matter be transferred to a court in San Francisco, California. (Id. at page 1).

Plaintiff subsequently filed the instant Motion, seeking to file a First Amended Complaint. (Docket No. 26). Defendants oppose the instant Motion, arguing that Plaintiff is seeking to amend the Complaint to avoid an unfavorable ruling; that amendment would be futile because Plaintiff's failure to attach exhibits to the proposed pleading filed with the instant motion would necessitate a subsequent amendment; and that Defendants would suffer prejudice, inasmuch as they expended significant resources preparing the substantial Motion to Dismiss and supporting Memorandum. Plaintiff responded, averring that its proposed amendments are sought in good faith; that the proposed amendments are not futile and that Plaintiff would file the Amended Complaint with the exhibits from the original Complaint; and that the proposed amendments are not prejudicial, inasmuch as they do not add claims for relief, but merely refine those asserted in the original Complaint. Having reviewed Plaintiff's Motion and considered the parties' respective arguments, the undersigned determines that Plaintiff should be granted leave to amend the Complaint.

"Leave to amend should be freely granted unless there are

compelling reasons 'such as undue delay, bad faith, or dilatory motive . . . undue prejudice to the non-moving party, or futility of the amendment.'" Alternate Fuels, Inc. v. Cabanas, 538 F.3d 969, 974 (8th Cir. 2008) (quoting Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992)). Nothing in the record as it presently stands demonstrates with any certainty that Plaintiff is seeking to amend its Complaint for the purpose of causing undue delay, nor is it apparent that Plaintiff is employing dilatory tactics. Plaintiff states that it wishes to amend its Complaint to refine and better state its causes of action, which can only benefit the parties and this Court. Furthermore, it does not appear that granting Plaintiff leave to amend would be futile, inasmuch as Plaintiff has represented to this Court that, should leave to amend be granted, it would file the Amended Complaint with all of the exhibits from the original Complaint. Finally, while Defendants indeed expended resources to prepare and file a lengthy Motion to Dismiss the original Complaint and Memoranda in support, the filing of an Amended Complaint would not unduly prejudice Defendants because they would be free to file a renewed Motion to Dismiss, if appropriate, after the Amended Complaint is filed.

        As an attachment to the instant Motion, Plaintiff filed a Proposed First Amended Complaint; however, as Defendants note, Plaintiff failed to attach exhibits. (Docket No. 26, Attachment 1). Therefore, rather than accept the attached document as Plaintiff's First Amended Complaint, Plaintiff will be given ten days to file a First Amended Complaint with all necessary exhibits

attached.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion For Leave to Amend Pleadings (Docket No. 26) is granted.

**IT IS FURTHER ORDERED** that Plaintiff shall file, **not later than May 9, 2011**, a First Amended Complaint with all necessary exhibits attached.

_Frederick R. Buckles_

Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of April, 2011.